**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LAW OFFICES OF TIMOTHY R. HOTT , P.C.**<br>100 Challenger Road - Suite 402<br>Ridgefield Park, New Jersey 07660<br>Tel: (201)994-0400<br>(TH 6729)<br>timhott@gmail.com<br>Attorney for Plaintiffs | |
| PIPEFITTERS LOCAL UNION NO. 274, AND PIPEFITTERS LOCAL 274 PENSION, WELFARE, ANNUITY, EDUCATION, P.A.C., AND INDUSTRY FUNDS AND THE BOARDS OF TRUSTEES THEREOF,<br>　　　　　*Plaintiff(s)*<br><br>vs.<br><br>AERODYNE REDMOND ENVIRONMENTAL, INC.<br>845 ROUTE 46<br>CLIFTON, NEW JERSEY 07013<br>　　　　　*Defendant(s)* | <u>CIVIL ACTION</u><br><br>CIVIL ACTION NO.<br><br><br><br>**<u>COMPLAINT</u>** |

PLAINTIFFS having their principal office at 205 Jefferson Road, Parsippany, Passaic County, New Jersey 07054 complaining of the Defendant, Aerodyne Redmond Environmental, Inc., whose principal offices are 845 Route 46, Clifton, Passaic County, New Jersey 07013 say:

**THE PARTIES**

1.　Plaintiffs Pipefitters Local Union No. 274 Pension, Welfare, Annuity, Education and Industry Training Funds are unincorporated trusts established pursuant to 29 U.S.C. 186©)(5) for the purpose of providing pension, welfare,

education and other benefits to employees of employers covered by provisions of a collective bargaining agreement between Pipefitters Local Union No. 274 ("Union") and the Mechanical Contractors Association of New Jersey, Inc. Plaintiff, Pipefitters Local Union No. 274 is an unincorporated labor organization representing employees in an industry affecting commerce.

2. Defendant, Aerodyne Redmond Environmental, Inc. ["Defendant or "Company"] is an employer who employs employees represented by the Union. Defendant is signatory to the current collective bargaining agreement described in paragraph #1 above.  By virtue of said agreement defendant is required to make certain payments to plaintiff Funds on behalf of said employees.

## JURISDICTION

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, 29 U.S.C. 185, 29 U.S.C. 1132(g)(2) and 29 U.S.C. 1145.

## FACTS

4. In accordance with 29 U.S.C. 1001 et seq. and specifically 29 U.S.C. 1145 defendant is required to remit payments to said Funds in certain specified amounts in accordance with the Trust Agreement of said Funds and the procedures therein as set by the Trustees of said Funds.

5. The procedure established by the Trustees of said Funds requires that employers such as defendant remit payments on behalf of its employees weekly.

6. Since on or about November 26, 2018 defendant has failed to remit

payments to the aforesaid plaintiffs. The last payment remitted by defendant was for payments required through the period ending November 25, 2018. Defendant is delinquent in payment of monies due to plaintiff Funds in the estimated amount of $21,012.00 for the period from November 26, 2018 through February 28, 2019. Defendant may also be indebted to plaintiff Funds for additional sums unpaid and accruing as delinquent during pendency of this cause of action.

7. In accordance with 29 U.S.C. 1132(g)(2) plaintiff Funds are also due and entitled to collect interest at the rate set by 26 U.S.C. 6621, liquidated damages of 20% of the principal sum due, reasonable attorneys fees and cost of suit.

WHEREFORE, Plaintiffs Pipefitters Local Union No. 274 Pension, Welfare, Annuity and Education Funds demand judgment against defendant:

(a) For an amount equal to the principal sum due and owing to plaintiff Funds at the time judgment is entered plus interest at the rate set by 26 U.S.C. 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys fees and cost of suit; and

(b) Such other and further relief as the Court deems equitable and just under the circumstances.

## **SECOND COUNT**

8. Plaintiffs repeat and reallege every paragraph of the First Count as if set forth in full herein.

9. Article VII of the collective bargaining agreement between the Union and

defendant requires defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts on a weekly basis.

10. Said collective bargaining agreement between plaintiff and defendant also provides that defendant be liable for interest, liquidated damages, attorneys fees and cost of suit for failure to remit payments weekly to plaintiff Funds and incorporates by reference the provisions of plaintiffs' Trust Agreements and the provisions of 29 U.S.C. 1132(g)(2) therein.

11. Since on or about November 26, 2018 defendant has failed and refused to remit payments to the aforesaid plaintiff Funds. Defendant is delinquent in payment of monies due the ERISA Fund plaintiffs in estimated the amount of $21,012.00 for the period November 26, 2018 through February 28, 2019.

12. Defendant may also be indebted to plaintiffs for additional sums unpaid and accruing as delinquent during the pendency of this cause of action.

13. In accordance with the referenced provisions of the collective bargaining agreement between the Union and the defendant, the Trust Agreements of plaintiff Funds and the provisions of 29 U.S.C. 1132(g)(2) plaintiff Funds are entitled to interest on the principal sum due at the rate set by 26 U.S.C. 6621, liquidated damages of 20% of the principal sum due, reasonable attorneys fees and cost of suit.

WHEREFORE, Plaintiffs Pipefitters Local Union No. 274 Pension, Welfare, Annuity and Education Funds demand judgment against defendant:

(a) For an amount equal to the principal sum due and owing to plaintiff Funds at the time judgment is entered plus interest at the rate set by 26 U.S.C. 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys fees and cost of suit; and

(b) Such other and further relief as the Court deems equitable and just under the circumstances.

### **THIRD COUNT**

14. Plaintiffs repeat and reallege each and every paragraph of the First and Second Counts as if set forth in full herein.

15. In accordance with the provisions of the collective bargaining agreement between the Union and defendant the defendant agreed to and did make certain deductions from wages paid to employees represented by the Union which deductions were to be remitted to plaintiff Vacation Fund for vacation pay benefits to employees, to plaintiff Political Action Committee and to plaintiff Union.

16. Defendant deducted from wages of employees an estimated $2,500.00 for the purposes and benefit of plaintiff Vacation Fund, Political Action Committee and the Union for dues and assessments during the period November 26, 2018 through February 28, 2019 but has failed and refused to remit said sums to plaintiffs.

17. Defendant may be liable for additional sums deducted from wages of employees represented by the Union for periods accruing during pendency of this

cause of action.

18. By its actions described hereinabove defendant has converted money of plaintiffs and defendant's employees to defendants unlawful benefit and use.

19. By its actions described above defendant became a constructive Trustee of monies belonging to plaintiffs and defendant's employees.

20. By failing and refusing to remit said trust monies of plaintiffs and defendant's employees to plaintiffs defendant has breached its fiduciary duty as trustee owed to plaintiffs and defendant's employees.

WHEREFORE, Plaintiffs Pipefitters Local Union No. 274, Pipefitters Local Union No. 274 Vacation Fund and Political Action Committee demand judgment against defendant:

(a) For an amount equal to the principal sum due and owing to said Plaintiffs at the time judgment is entered, plus interest, attorneys fees, cost of suit, punitive damages for breach of fiduciary duty and such other and further relief as the Court deems equitable and just.

(b) For an accounting of all such money that was deducted from the wages of employees represented by plaintiff Union.

## **FOURTH COUNT**

21. Plaintiffs repeat and reallege each and every paragraph of the First, Second and Third Counts as if set forth in full herein.

22. In accordance with the provisions of Article VII of the collective

bargaining agreement between the Union and defendant the defendant agreed to make certain payments to plaintiff Industry Fund on behalf of its employees.

23.   Since on or about November 26, 2018 defendant has failed and refused to remit payments to the aforesaid plaintiff Fund.  Defendant is delinquent in an estimated payment of $250.00 due said plaintiff for the period November 26, 2018 through February 28, 2019.

24.   Defendant may also be indebted to plaintiff for additional sums unpaid and accruing as delinquent during pendency of this cause of action.

WHEREFORE, Plaintiff, Pipefitters Local Union No. 274 Industry Fund demands judgment against defendant:

(a) For an amount equal to the principal sum due and owing to said Plaintiffs at the time judgment is entered, plus interest, attorneys fees, cost of suit, punitive damages for breach of fiduciary duty and such other and further relief as the Court deems equitable and just.

(b) For an accounting of all such money that owed to this Plaintiff on account of hours worked by employees of the Defendant represented by plaintiff Union.

Dated: 3/29/2019

**S/TIMOTHY R. HOTT**
TIMOTHY R. HOTT